IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEMUEL FRED HENTZ,

        Plaintiff,

    v.

SHERRI HOLMAN, Law Library Coordinator,
Eastern Oregon Correctional Institution,
sued in her individual and official
capacities; G. JOHNSON, Snake River
Correctional Institution Mailroom
Processing Clerk, sued in her individual
capacity; JANELL ROCHESTER, Disciplinary
Segregation Law Library Coordinator,
Snake River Correction Institution, sued
in her individual capacity; and
T. O'MALLEY, OSI Mailroom Personal
Eastern Oregon Correctional Institution,
sued in her individual capacity,

        Defendants.

Civil No. 07-174-AS

FINDINGS AND RECOMMENDATION

    LEMUEL FRED HENTZ
    SID #6750414
    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, OR  97801

        Plaintiff *Pro Se*

1 - FINDINGS AND RECOMMENDATION -

```
        HARDY MYERS
        Attorney General
        JACQUELINE SADKER
        Assistant Attorney General
        Department of Justice
        1162 Court Street N.E.
        Salem, OR  97301

             Attorneys for Defendants
```

ASHMANSKAS, Magistrate Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution ("EOCI"), brings this civil rights action pursuant 42 U.S.C. § 1983. Currently before the court are Plaintiff's Motion for Preliminary Injunction (#3), as amended (#14), and Defendants' Motion for Summary Judgment (#32). For the reasons that follow, Defendants' Motion for Summary Judgment should be granted, Plaintiff's Motion for Preliminary Injunction, as amended, should be denied, and a judgment of dismissal should be entered.

### BACKGROUND

Plaintiff alleges denial of his constitutional right to access the courts and freedom of speech under the First Amendment, and violation of due process rights under the Fourteenth Amendment. By way of relief, Plaintiff seeks declaratory and injunctive relief, as well as money damages.

In his motion for preliminary injunction, Plaintiff seeks an order requiring Defendants to provide the following to indigent inmates: (1) photocopies of legal documents; (2) postage for certified mail services; and (3) numbered, lined pleading paper.

2 - FINDINGS AND RECOMMENDATION -

Plaintiff also seeks a "tracking system" for incoming and outgoing legal mail.

Defendants contend Plaintiff is not entitled to preliminary injunction, and seek summary judgment against Plaintiff.

## SUMMARY OF FACTS

Plaintiff is an inmate in the care and custody of the Oregon Department of Corrections ("ODOC"), and Defendants are individuals employed at EOCI.

Plaintiff's Amended Complaint references three state civil lawsuits against ODOC employees: a claim related to his prison trust account (Malheur County Circuit Court Case No. 06-07-1792), and two suits alleging abuse of public office under Or. Rev. Stat. § 162.405 (Malheur County Circuit Court Case Nos. 06-10-5420 and 06-10-5419). Plaintiff alleges he was denied certified mailing service, legal research materials, numbered pleading paper, and photocopies in connection with these suits.

Plaintiff's complaint relating to his prison trust account was dismissed by the Malheur County Circuit Court upon Plaintiff's motion for voluntary dismissal. The other two Complaints were dismissed *sua sponte* upon the Malheur County Circuit Court Judge's finding that they were frivolous or malicious, and failed to state a claim upon which relief may be granted.

3 - FINDINGS AND RECOMMENDATION -

Case 3:07-cv-00174-AS    Document 54    Filed 09/27/07    Page 4 of 8

## LEGAL STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. Id.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. Id.

The substantive law governing a claim or a defense determines whether a fact is material. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001).

4 - FINDINGS AND RECOMMENDATION -

## DISCUSSION

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. Prison officials must provide only those tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

5 - FINDINGS AND RECOMMENDATION -

meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

Here, Plaintiff's denial of access claim is backward-looking, as Plaintiff claims Defendants hindered his ability to prosecute his three Malheur County actions. To prevail on his claim, Plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips, 477 F.3d at 1076.

The first element requires Plaintiff to show he suffered an "actual injury" by being shut out of court. Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 477 F.3d at 1076. The second element requires him to show Defendants proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone ... [for which] is foreseeability." Id. at 1077. Finally, the third element requires Plaintiff show he has no other remedy than the relief available via this suit for denial of access to the courts. Id. at 1078-79.

Two of the state civil suits which form the basis for Plaintiff's denial of access claims alleged abuse of public office. They do not fall within the limited range of criminal appeals, habeas petitions, or civil rights actions for which Defendants must provide access to the courts. As such, Plaintiff

6 - FINDINGS AND RECOMMENDATION -

has not shown a violation of his constitutional rights in connection with those actions.

As for the third action concerning Plaintiff's trust fund, even if that case is construed as a civil rights challenge, Plaintiff has not established he suffered the loss of a non-frivolous or arguable underlying claim, as Plaintiff voluntarily dismissed the case. Because Plaintiff cannot show actual injury, no constitutional violation occurred and Defendants are entitled to judgment as a matter of law.

## RECOMMENDATION

Based on the foregoing, Defendants' Motion for Summary Judgment (#32) should be GRANTED and a judgment of DISMISSAL should be entered. In addition, because the court has concluded Plaintiff cannot succeed on the merits of his underlying case, Plaintiff's Motion for Preliminary Injunction (#3), as amended (#14), should be DENIED.[1]

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are

---

[1] A preliminary injunction is appropriate if the plaintiff demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardship tips sharply in the plaintiff's favor. Sony Computer Entertainment Am., Inc. v. Bleem, LLC, 214 F.3d 1022, 1025 (9th Cir. 2000); Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

7 - FINDINGS AND RECOMMENDATION -

due Friday, October 12, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  27th  day of September, 2007.


                              /s/ Donald C. Ashmanskas
                             Donald C. Ashmanskas
                             United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION -